IRENE L. CULLEN SURINA, INDIVIDUALLY AND AS A CO-EXECUTRIX AND A CO-TRUSTEE UNDER THE WILL OF LINUS R. GILBERT, DECEASED, PLAINTIFF-RESPONDENT, v. BLANCHE J. GILBERT, INDIVIDUALLY AND AS A CO-EXECUTRIX AND A CO-TRUSTEE UNDER THE WILL OF LINUS R. GILBERT, DECEASED, DEFENDANT-APPELLANT, AND NORMA G. FARR, INDIVIDUALLY AND AS A CO-EXECUTRIX AND A CO-TRUSTEE UNDER THE WILL OF LINUS R. GILBERT, DECEASED; FIRST TRENTON NATIONAL BANK, AS A CO-EXECUTOR AND A CO-TRUSTEE UNDER THE WILL OF LINUS R. GILBERT, DECEASED; LINUS GILBERT FARR; DOUGLAS RUSSELL FARR, DEFENDANTS-RESPONDENTS.

Argued September 9, 1968 and March 31, 1969—
Decided May 19, 1969.

*Mr. Clyde A. Szuch* argued the cause for appellant (*Mr. Joel A. Wolff,* on the brief; *Messrs. Pitney, Hardin and Kipp,* attorneys).

*Mr. Michael R. Griffinger* argued the cause for respondent Surina (*Messrs. Crummy, Gibbons and O'Neill,* attorneys).

*Mr. Robert M. Backes* argued the cause for respondent First Trenton National Bank (*Messrs. Backes and Backes,* attorneys).

*Mr. Irving M. Hirsh* argued the cause for *Joseph I. Bedell,* guardian *ad litem* for infant respondents.

*Mr. George F. Hetfield* argued the cause for Norma G. Farr, individually, *etc.* (*Messrs. Hetfield and Hetfield,* attorneys).

*Mr. Alfred C. Clapp* argued the cause for the guardian *ad litem* and for Norma G. Farr, individually, *etc.* (*Messrs. Clapp and Eisenberg,* of counsel).

The opinion of the court was delivered

PER CURIAM. The question is whether federal estate taxes should be paid out of the residue before calculation of the widow's share of residue. The trial court found against her and we certified her appeal before argument in the Appellate Division.

The will directs the payment from the residue of all estate and inheritance taxes and provides that no part of such taxes shall be recovered from or apportioned among recipients of property required to be included in the gross estate for tax

purposes. The will then creates four separate trusts out of residue. One such trust, consisting of 54/120 of the residue, is for the widow's benefit for life with a general power of appointment in her. The second trust, consisting of 16/120 of the residue, is for the benefit of testator's secretary for life. The third trust, consisting of 16/120 of the residue, is for the benefit of certain employees for life. The testator's daughter by a former marriage is the beneficiary of the fourth trust, consisting of 34/120 of the residue plus the remainder of the second and third trusts, and as well the remainder of the widow's trust if the widow does not exercise the power of appointment.

The sums involved are substantial. If taxes are deducted from the residue before the widow's trust is fixed, the federal estate tax will be increased by $848,321.39 and the trust for the widow will be reduced by $1,486,390.43. The other residuary beneficiaries will gain if the widow thus shares in the tax burden, and they contend for that result. Literally, the will tends to support their position, and the estate plan does not point the other way. Without going into the details, it may be said that the demands upon the testator's beneficence were several and separate; three women are the principal beneficiaries and they are unrelated by blood.

Although the gift to the widow is in terms less than the maximum marital deduction, the question still remains whether the testator intended the gift to be the stated portion of the residue before taxes. At the argument before us, it appeared that the draftsman, who was too ill to testify at the trial, was available for examination. We remanded the matter to obtain his testimony. His deposition revealed that the testator, advised that his plan would not yield the maximum tax savings, responded that there were more important values involved. We are satisfied from all the circumstances that the testator intended the beneficiaries to receive shares in the stated proportions and hence after the payment of taxes. The facts repel the assumption in *Gesner v. Roberts*, 48 *N. J.* 379, 381 (1967), "that the testator intended the maximum

tax advantage for the estate and maximum benefit to the spouse within the limits of his gift to her."

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 6.

*For reversal* — None.